IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANFORD ABRAMS<br>7719 Harford Road<br>Baltimore, MD 21234<br><br>　　Plaintiff<br><br>　　　　v.<br><br>CARL J. TRUSCOTT<br>Director<br>Bureau of Alcohol, Tobacco,<br>Firearms & Explosives<br>650 Massachusetts Avenue, N.W.<br>Washington, D.C. 20226<br><br>　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

1) This is an action for declaratory and injunctive relief, pursuant to 28 U.S.C. § 2201 and § 2202.

JURISDICTION AND VENUE

2) This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the Constitution and laws of the United States.

3) Venue is proper in the District of Columbia as Defendant is located in the District of Columbia.

PARTIES

4) Sanford Abrams is the owner of RSM, INC., d/b/a Valley Gun (hereinafter "RSM"), a retailer who, among other items, sold firearms until February 24, 2006 when the agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives (the agency of which Defendant is the director) seized RSM's federal firearms license following the denial of a petition for judicial review, brought pursuant to 18 U.S.C. § 923(f),

1

by the United States District Court for the District of Maryland. RSM had been a federally licensed firearms dealer since 1978.

5) Carl J. Truscott (hereinafter "Truscott") is the Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter "ATF").

## FACTS

6) A Notice of Revocation, dated May 4, 2004, was sent to RSM notifying it that its federal firearms license as a dealer in firearms, other than destructive devices, was revoked. RSM received the Notice of Revocation on or about May 6, 2004.

7) RSM timely requested a hearing pursuant to 18 U.S.C. § 923(f)(2).

8) The hearing was held October 6, 2004.

9) On or about February 3, 2005, RSM received a Final Notice of Denial of Application or Revocation of Firearms License.

10) RSM timely filed a petition for petition for judicial review, pursuant to 18 U.S.C. § 923(f), for judicial review of the revocation in the United States District Court for the District of Maryland.

11) On February 23, 2006, the United States District Court for the District of Maryland denied the petition.

12) On February 24, 2006, ATF agents seized RSM's federal firearms license.

13) On or about February 28, 2006, ATF counsel Jeffrey A. Cohen informed RSM's counsel, by e-mail, that, "if RSM cannot transfer the inventory [to federal firearms licensees], RSM can transfer the inventory to Mr. Abrams." A copy of the e-mail is attached and

incorporated by reference.

14) Cohen also informed RSM's counsel:

> Since Mr. Abrams is no longer an FFL he cannot engage in the repetitive sales of firearms as a regular course of business with the principal objective of profit whether it is at his store or at gun shows. If Mr. Abrams were to engage in dealing firearms without a license, the inventory involved in these violations would be subject to seizure and forfeiture and Mr. Abrams could be subject criminal prosecution.

## COUNT I

15) Paragraphs 1-14 are incorporated herein by reference.

16) 18 U.S.C. § 922(a)(1)(A) makes it unlawful for any person "except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms . . . ."

17) 18 U.S.C. § 921(a)(11)(A) defines "dealer" in pertinent part as "any person engaged in the business of selling firearms at wholesale or retail . . . ."

18) 18 U.S.C. § 921(a)(17)(C) defines the term "engaged in the business" in pertinent part:

> as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms . . . .

19) 18 U.S.C. § 921(a)(22) states that the term "with the principal objective of livelihood and profit" means that:

> the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain,

as opposed to other intents, such as improving or liquidating a personal firearms collection: Provided, That proof of profit shall not be required as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes or terrorism.

20) RSM has transferred its inventory acquired on or before February 23, 2006 to Plaintiff Abrams, who intends to sell such inventory. Plaintiff Abrams will not be acquiring any additional firearms for resale.

21) Plaintiff Abrams will not be "engaged in the business of selling firearms at wholesale or retail" within the meaning of 18 U.S.C. § 921(a)(17)(C) as he will not be repetitively purchasing and reselling firearms.

22) Even though Plaintiff Abrams will not be "engaged in the business of selling firearms at wholesale or retail" within the meaning of 18 U.S.C. § 921(a)(17)(C) in selling the inventory, an agent and employee of Defendant has threatened Plaintiff Abrams with seizure and forfeiture of the inventory and with criminal prosecution.

23) 28 U.S.C. § 2201(a) provides in pertinent part:

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

24) There is an actual controversy between Plaintiff Abrams and Defendant, so the court may declare the rights and other legal relations of Plaintiff Abrams.

25) 28 U.S.C. § 2202 provides in pertinent part:

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been

determined by such judgment.

26) As Defendant's agent/employee has threatened Plaintiff Abrams with seizure and forfeiture of the inventory and with criminal prosecution, further relief in the form of an injunction against Defendant and his agents and employees is necessary and proper.

WHEREFORE, RSM prays that this court: 1) declare that the sale of firearms which were in RSM's inventory on or before February 23, 2006 may be sold by Plaintiff Abrams without violating 18 U.S.C. § 922(a)(1)(A); 2) enjoin Defendant Truscott and his agents and employees from seizing or forfeiting the inventory, or criminally prosecuting Plaintiff Abrams; and 3) award such other relief, including costs and attorney's fees (pursuant to 28 U.S.C. § 2412), as appropriate.

Respectfully submitted,

Sanford Abrams
By counsel

_____
Richard E. Gardiner
Suite 404
10560 Main Street
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)