IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RSM, INC.                          :
                                   :
v.                                 :    Civil No. WMN-05-847
                                   :
ARTHUR W. HERBERT                  :
                                   :

**MEMORANDUM**

Before the Court are two motions filed by RSM.  One is a motion to direct Respondent that RSM may continue to operate during the pendency of judicial review, Paper No. 14, and the other is a motion to alter or amend judgment.  Paper No. 15.  Both motions are ripe for decision.  Upon a review of the pleadings and applicable case law, and in consideration of the arguments presented to the Court during a March 9, 2006, hearing, Respondent's motions will be denied.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On February 23, 2006, this Court dismissed RSM's petition for review of ATF's decision to revoke its Federal Firearm License.  On February 24, 2006, ATF seized RSM's license.  ATF agreed to allow RSM to "wind down" its business for thirty days, until March 25, 2006.  Under this agreement, RSM can dispose only of existing inventory for which sales had been made on or before February 23, 2006.

**II.  DISCUSSION**

A.  <u>Motion to Direct Respondent that RSM May Continue to Operate During Pendency of Judicial Review</u>, Paper No. 14.

On May 4, 2004, the ATF Director of Industry Operations

(DIO), Baltimore Field Division, revoked Petitioner's license to sell firearms after evidence presented at a revocation hearing established that RSM knew and understood the record keeping requirements of the Gun Control Act but violated the provisions on numerous occasions.  RSM requested a hearing after being issued a notice of revocation.[1]  Pursuant to 18 U.S.C. § 923(f)(2), which requires ATF to stay the effective date of the revocation if the licensee requests a hearing,[2] ATF stayed the revocation.  After the hearing, ATF revoked the license.  RSM then indicated that, pursuant to § 923(f)(3),[3] it intended to

---

[1] 18 U.S.C. § 923(f)(1) requires notice of revocation:
Any person whose application for a license is denied and any holder of a license which is revoked shall receive a written notice from the Attorney General stating specifically the grounds upon which the application was denied or upon which the license was revoked. Any notice of a revocation of a license shall be given to the holder of such license before the effective date of the revocation.

[2] 18 U.S.C. § 923(f)(2) states:
If the Attorney General denies an application for, or revokes, a license, he shall, upon request by the aggrieved party, promptly hold a hearing to review his denial or revocation. In the case of a revocation of a license, the Attorney General shall upon the request of the holder of the license stay the effective date of the revocation. A hearing held under this paragraph shall be held at a location convenient to the aggrieved party.

[3] 18 U.S.C. § 923(f)(3) states:

(3) If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a

file an action in federal court seeking de novo review of the revocation. Exercising its discretionary authority under 27 C.F.R. § 478.78,[4] ATF allowed RSM to continue operations while it sought judicial review. After this Court's February 23, 2006, dismissal of RSM's petition for judicial review, ATF lifted its stay of the license revocation. Now pending before the Court is RSM's petition requesting an order requiring ATF to re-stay the license revocation during further appeals of this Court's decision.

Petitioner asserts that ATF does not have authority to limit RSM's acquisitions and dispositions of firearms until there is a

---

> license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2). If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.

[4] Section 478.78 gives a licensee 60 days to appeal a license revocation and states, "when the Director of Industry Operations finds that justice so requires, he may postpone the effective date of suspension or revocation of a license or authorize continued operations under the expired license, as applicable, pending judicial review."

final, unreviewable judgment.  To support this proposition, Petitioner relies on a sentence extracted from the middle of § 923(f)(2), which states, "[i]n the case of a revocation of a license, the Attorney General shall upon the request of the holder of the license stay the effective date of the revocation." According to Petitioner, the mandatory stay of a license revocation triggered by a hearing request may not be lifted by ATF until all appeals are final.  Petitioner supports this position by asserting that under § 923(f)(3), after a hearing during which the Attorney General upholds the decision to revoke a license, he is only required to give notice to the licensee of the decision; the subsection does not require the Attorney General at this time to lift any stay that may have been imposed. Petitioner thus reasons that, under the statute, the stay should remain in place throughout the pendency of judicial proceedings.[5]

---

[5]  Petitioner further supports its interpretation of the statute by noting that under 18 U.S.C. § 925(b), if a criminal prosecution is initiated against a licensee, the licensee may continue operations until any conviction pursuant to the indictment becomes final.  Petitioner reasons that if § 923(f)(2) is not interpreted to require the revocation to be stayed, then "a licensee's continuance of operations has greater protection if he is the subject of criminal prosecution than if he is the subject of a license revocation."  Reply 2.  Petitioner notes that, "ATF has long taken the position that a conviction does not become final until all appeals have been exhausted."  Reply 2 n.2 Notwithstanding the initial appeal of Petitioner's argument, it cannot overcome the persuasiveness of the guidance offered under § 923(e) and ATF's own regulations, which are both discussed below.  In addition, the Court notes one potential reason for the different levels of protection pointed out by Petitioner.  Under § 923(e) the license is being revoked due to the licensee's failure to meet the

Respondent argues that Petitioner takes the sentence from § 923(f)(2) out of context and that the section in its entirety clearly illustrates that, upon request, the license revocation should be stayed <u>until</u> a hearing is held.  In addition, Respondent asserts that § 923(f) reads chronologically and that subsection (1) addresses notice, subsection (2) discusses the hearing process, and subsection (3) discusses a licensee holder's right to judicial review of a revocation.  Respondent reasons that the clause mandating a stay of revocation upon request of a hearing is contained in the hearing subsection and, as such, pertains only to that hearing process.  Subsection (3), which sets out the judicial review process, does not contain a similar stay provision.

The Court finds that while the language of § 923(f) does not provide a definitive answer as to when a stay of a revocation should be lifted, § 923(e) and ATF regulations at 27 C.F.R. § 478.78 make clear that ATF can revoke the license after a hearing has been held and a Notice of Revocation has been served on the licensee.  Under § 923(e), "[t]he Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section . . . ."  Giving ATF the authority to revoke a license after a hearing, implies that the stay mandated by the licensee's request for such a hearing would no longer be in

---

requirements of the license itself, while under § 925(b) a
license holder, indicted for any crime punishable by a year
imprisonment, can continue operation until conviction
becomes final.

5

effect.  Importantly, § 923(e) does not limit the Attorney General's power to revoke a license to a point in time after notice, opportunity for hearing, <u>and pending judicial review</u>. Further, pursuant to ATF regulations, any decision to stay the effect of the revocation after a hearing is held is entirely discretionary.  Section 478.78 gives the ATF Director of Industry Operations authority to either "postpone . . . the revocation of a licensee or authorize continued operations under the expired license, as applicable, pending judicial review."

Petitioner contends that § 478.78 is void because Congress did not delegate authority to the ATF to promulgate the regulation.  Specifically, Petitioner asserts that no such delegation exists under either § 923(e) or (f).  Reply 4. Respondent counters that ATF had the proper authority to promulgate this regulation under § 926, which grants the Attorney General authority to prescribe "only such rules and regulations as are necessary to carry out the provisions of this chapter . . . ."  Petitioner contends that § 926 grants ATF authority to promulgate regulations only where the statutory provision, in reference to which a regulation is promulgated, itself includes language that allows ATF to promulgate the regulation.  This Court disagrees.  Section 926 grants the ATF authority to promulgate rules that are "necessary" to carry out the chapter's provisions.  As previously discussed, § 923(f) does not state when a stay should be lifted and § 478.78 was promulgated in order for ATF to carry out its responsibilities under the

6

statute.  The Court also rejects Petitioner's contention that § 478.78 is contrary to the statute; § 923(f) fails to state when the stay is to be lifted and the regulation reasonably fills in this blank in accordance with the timing suggested in § 923(e).

"[I]n construing a statute, this Court normally accords great deference to the interpretation, particularly when it is longstanding, of the agency charged with the statute's administration."  N. Haven Bd. of Educ. v. Bell, 456 U.S. 512, 522 n.12 (1982).  Petitioner argues that "no deference is due ATF as the statute is not ambiguous and Congress did not delegate authority to ATF to promulgate § 478.78."  Reply 4 n.4.  As this Court has found, § 923(f) does not offer definitive guidance as to when a stay is to be lifted and ATF did have authority to promulgate § 478.78.  Thus, the Court will defer to ATF's interpretation under which the decision to stay a license revocation pending judicial review is not mandatory but is discretionary.

Petitioner also argues that Fed. R. Civ. P. 62(a) requires an automatic stay - "no execution shall issue upon a judgment . . . until the expiration of 10 days after its entry."  Respondent correctly points out that RSM's reliance on 62(a) is misplaced because the revocation of RSM's license did not result from enforcement of a judgment.  The Attorney General has the authority under § 923(e) to revoke a license without a District Court judgment.

B.  Motion to Alter or Amend Judgment, Paper No. 15.

7

The only issue raised in this motion is RSM's continued advocacy for a different definition of "willfulness" than that adopted by every circuit court of appeals to have addressed the issue.[6] Citing a recent Eleventh Circuit case, this Court stated in its February 23, 2006, Memorandum that, "'[a] firearms dealer is considered to have acted willfully under § 923 if, <u>with knowledge of what the regulations require, the dealer repeatedly violates those regulations.</u>'" Mem. 10 (quoting <u>Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives</u>, 415 F.3d 1274, 1276 (11th Cir. 2005). RSM does not dispute that its conduct falls within this definition of wilfulness, and largely ignores the above quoted language from <u>Willingham</u> and the holdings of those other circuit court decisions cited in <u>Willingham</u>.

Petitioner's motion to alter or amend judgment will be denied.

### III. CONCLUSION

For these reasons, RSM's motions will be denied. A separate order consistent with this Memorandum will follow.

---

[6] RSM also argued at the hearing that the Court erred in applying a "substantial evidence" standard. While the Court did use that term in the concluding paragraph of its February 23, 2006 Memorandum, the Court clearly stated elsewhere in the opinion that its conclusion was based upon "<u>undisputed</u>" evidence. See Mem. 8, 10.

           /s/

William M. Nickerson
Senior United States District Judge

Dated: March 15, 2006

9